# DECISIONS

IN

# CASES NOT REPORTED IN FULL.

FIRST DEPARTMENT, MARCH TERM, 1898.

**Augustus Clason, Appellant, v. The Nassau Ferry Company and Jarvis C. Howard, Respondents.**— Determination appealed from affirmed, with costs.—Appeal from determination of the Appellate Term which modified a judgment entered upon the order made by the General Term of the City Court.—

VAN BRUNT, P. J. : We might rest our decision of this case upon the opinion of the court on the appeal, but we think there is another ground upon which its judgment may be sustained. It appears that the plaintiff, in his demand upon the corporation to see the corporation books, made the same in such broad terms that the corporation was justified in refusing it. The proceedings were instituted by the plaintiff for the enforcement of this demand, and it was decided at the Special Term that he was entitled to the relief which he asked for, but upon appeal to the General Term it was held that he was only entitled to a portion of such relief, and he obtained an order granting him relief to that extent, without costs of the appeal. It is impossible to separate the services rendered in this proceeding, in the attempt to enforce that part of the relief which was denied, from those which were rendered in respect to the relief granted. It is evident that the plaintiff was of the opinion that he was entitled to the whole of such relief, and his efforts were directed to that end. As a consequence, he cannot now be heard to say that this word was spoken and act done for the purpose of obtaining one branch of the relief sought, and the other word spoken and act done for the obtaining of the other branch of the relief. The whole application was one application. As a whole, the court held that it was rightfully denied. Consequently, there was no basis for a recovery for the value of the alleged services rendered in respect to that application. The determination appealed from should be affirmed, with costs. Patterson, O'Brien, Ingraham and McLaughlin, JJ., concurred.

**Henry Ceburre v. John C. Pearson, Petitioner, Appellant, and George Leier, Defendant, and Matthew Smith, Impleaded by the Petition, Respondent.**— Order affirmed, with ten dollars costs and disbursements.— Appeal from an order denying appellant's motion for a resale of real estate sold under the judgment herein.—

McLAUGHLIN, J.: On the 9th day of November, 896, certain real estate situate in the city of New York, belonging to the appellant, of the value of upwards of $8,000, was sold at public auction, under the judgment procured by the plaintiff herein, to William P. Rooney for $540. The amount due upon the judgment on the day of sale was a little over $400. After the recovery of the judgment and before the sale took place, the appellant paid to one attorney, who represented him for the purpose of having the judgment satisfied, $400, and he paid to another attorney for the same purpose the sum of $337.50. The attorneys did not use the

money as directed, and the appellant's property was sold, and, there being no one present to protect his interest, at a large sacrifice to him. There is nothing in the moving papers, however, to show that Rooney, in making the purchase, did not act in good faith; therefore, we are compelled to hold that the sale was a valid one, and sufficient to vest the title in him. Rooney thereafter sold to Smith for $2,850, and it is apparent from the record presented that Smith acted in good faith. To make the purchase Smith borrowed $2,500 from the Franklin Society for Home Building and Savings, and secured the payment of the same by a mortgage upon the real estate in question. The mortgagee is not made a party to this proceeding, and this of itself would prevent granting to the appellant the relief asked. No one would contend that a sale of this character could be set aside, at least without making a subsequent mortgagee for value a party to the proceeding. It further appears upon the petitioner's own statement that he knew of the sale at the time it was made, and that on the 19th of November, 1896, he was dispossessed from his property by the purchaser at the sale; yet he took no steps to assert his rights, or to secure any relief, until the 17th of September, 1897, when he made the motion below. During this time others had acquired interest in the property both by conveyance and mortgage. As to the facts with regard to the conduct of the attorneys we have not heard their explanation, if any. If those facts should not be explained they would call upon the court to take such action as the law provides with regard to the disciplining of such officers; and the district attorney is required to make an investigation and bring the matter to the attention of the court. The order should be affirmed, with ten dollars costs and disbursements. Van Brunt, P. J., Barrett, Rumsey and Ingraham, JJ., concurred.