(28 Misc. Rep. 258.)

### O'HARA v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. June, 1899.)

1. CITY EMPLOYES—VETERANS—UNLAWFUL DISCHARGE.

   Where a city employé, a veteran of the Civil War, was removed in violation of Laws 1896, c. 821, and was reinstated after mandamus proceedings begun, and was at all times ready and willing to discharge his duties, and tendered performance thereof, he is entitled to recover compensation for the time he was prevented from performing his duties.

2. SAME—RECOVERY OF COMPENSATION.

    Where a city employé was illegally discharged, and thereafter reinstated
after mandamus proceedings brought, he cannot, in addition to compensa-
tion for the time of his removal, recover costs and counsel fees in the man-
damus proceedings.

    Action by John L. O'Hara against the city of New York. Judg-
ment for plaintiff.

    Laughlin Bros. & Laughlin, for plaintiff.
    John Whalen and C. W. Ridgway, for defendant.

    McADAM, J. The plaintiff, a veteran of the late Civil War, was
appointed in November, 1888, a cleaner, and subsequently a watch-
man, in the county court house, at $14 a week, which he received until
October 24, 1898, when he was arbitrarily discharged by the commis-
sioner of public buildings. No charges were preferred against the
plaintiff, and consequently there was no pretense of a hearing or trial.
The plaintiff applied to the court for reinstatement, invoking the
remedy by mandamus, whereupon the commissioner immediately prior
to the hearing upon the writ on December 28, 1898, reinstated the
plaintiff to his former position. The action is for the specified salary
during the interim. The removal was in violation of chapter 821
of the Laws of 1896, which, as far as pertinent hereto, provides that
"no person holding a position by appointment, or employment in
the state of New York, or of the several cities, counties, towns or
villages thereof, and receiving a salary or per diem pay from the
state or from any of the several cities, counties, towns or villages
thereof, who is an honorably discharged soldier, sailor or marine,
having served as such in the Union army or navy during the war of
the Rebellion, and who shall not have served in the Confederate army
or navy, shall be removed from such position or employment, except
for incompetency or misconduct shown, after a hearing upon due
notice, upon the charge made." The question involved is as to the
right of the plaintiff to recover compensation for the time he was
deprived of his position and during which he performed no services.
In Terhune v. Mayor, etc., 88 N. Y. 247, and Higgins v. City of New
York, 131 N. Y. 128, 30 N. E. 44, it appeared that, after the plain-
tiffs therein had been removed, other persons were appointed in their
places, and the salaries belonging to such positions were paid by the
city to the de facto incumbents who performed the services, and
the court, upon that ground, held that the plaintiffs, after reinstate-
ment to their respective positions, could not compel the city to again
pay such salaries. In this case there is neither allegation nor proof
that any one was appointed to or had performed the duties belonging
to the plaintiff's position. Indeed, it seems to have been kept open,
for the plaintiff was reinstated thereto by the voluntary act of the
commissioner before the court had heard argument upon the writ
which it had granted. The case, then, is substantially one where the
plaintiff was prevented from performing his official duties by the
act of the commissioner under the pretense of a removal which he
had no right to make. The plaintiff was at all times ready and willing
to discharge every duty, and the tender of performance, under such

circumstances, ought to be deemed equivalent to performance, and entitle the plaintiff to the compensation belonging to the position. The court, in the Higgins Case, supra, in speaking of the decision in the Terhune Case, supra, said:

"The fact that there the plaintiff held a public salaried office, while here the plaintiff was employed rather in the capacity of a laborer, at a compensation fixed at a daily rate, is of no evident effect upon the legal question of the city's liability."

If this be so, then this case falls within the rule declared in Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787, where the plaintiff was allowed to recover the salary belonging to his office, while prevented for a time by no fault of his own from performing the duties thereof. The act of 1896, supra, was especially designed to protect all veterans of the Civil War, and if the rule "no work no pay" is to be applied to the plaintiff, it is difficult to discover wherein that enactment gives veterans any substantial advantage over those who have not a war record. The act of 1896, supra, was repealed April 19, 1899 (Laws 1899, c. 370); but the repealing act expressly provides that no right accrued prior to such repealing act shall be affected or impaired thereby, but may be enforced as fully, and to the same extent, as if said repealing act had not been passed. The claims for costs and counsel fees in the mandamus proceedings are not in this instance recoverable, and must be disallowed. Clason v. Ferry Co., 20 Misc. Rep. 315, 45 N. Y. Supp. 675, affirmed in 27 App. Div. 621, 50 N. Y. Supp. 160.

There will be judgment in favor of the plaintiff for $137.13, the amount of the unpaid salary and the accrued interest thereon.

