FALLON v. WRIGHT.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)·

1. OFFICERS—DISCHARGED UNION SOLDIERS AND SAILORS—REMOVAL—ACTION FOR DAMAGES—REINSTATEMENT PROCEEDINGS—CONCLUSIVENESS.

Laws 1884, c. 312, § 1, as amended by Laws 1894, p. 1797, c. 716, provides that if any honorably discharged Union soldier or sailor shall be removed from the public service for any cause except incompetency, etc., he shall have a right of action for damages "as for an act wrongfully done." *Held*, in an action under the statute by one who had been removed, and reinstated on judicial proceedings, that the adjudication in such proceedings, finding that the removal was unauthorized, was conclusive as to the illegality of the removal.

2. SAME—ELEMENTS OF DAMAGE—COUNSEL FEES.

Plaintiff in such action was not entitled to recover for sums expended in the employment of counsel to secure reinstatement.

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by John J. Fallon against Robert J. Wright. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William L. Turner, for appellant.
Charles Strauss, for respondent.

INGRAHAM, J. The plaintiff was, prior to the 6th day of January, 1896, warden of the city prison in the city of New York, and on the 21st day of January, 1896, he was dismissed from that position by the defendant, who was then commissioner of corrections, having jurisdiction over the city prison. The plaintiff was subsequently reinstated by the Supreme Court, and the final order in that proceeding was affirmed by this court and by the Court of Appeals. The plaintiff then brought this action to recover the damages that he sustained in consequence of his removal, as allowed by section 1, c. 312, Laws 1884, as amended by chapter 716, p. 1797, Laws 1894. That section, so far as it is applicable, provides that honorably discharged Union soldiers and sailors shall be preferred for appointment and employment in every public department and upon all public works of the state of New York and of the cities, towns, and villages thereof, "and in all cases the persons having the power of employment or appointment, unless the statute provides for a definite term, shall have the power of removal only for incompetency and conduct inconsistent with the position held by the employees or appointee, and, in case of such removal * * * of and for any such honorably discharged Union soldier or sailor, or marine, for partisan, political, personal or other cause, except incompetency, and conduct inconsistent with the position so held, such soldier, sailor or marine, wrongfully removed, or refused such preference shall have a right of action in any court of competent jurisdiction for damages as for an act wrongfully done, in addition to the existing right of mandamus."

Upon the trial the plaintiff, after testifying to his removal and the proceedings instituted for reinstatement, was asked how much he expended for counsel fees in these proceedings and to enforce the order of the court reinstating him. That was objected to by the defendant, upon the ground that such counsel fees could not be recovered in this action, which objection was overruled, and the defendant excepted. He then testified to the payment to his counsel of various sums of money between January 11, 1896, and February 16, 1898, amounting to upwards of $1,300. There was then introduced evidence tending to show that the value of the services rendered by counsel for the plaintiff in these proceedings exceeded that amount, which was admitted under an exception by the defendant. There was no claim that the plaintiff sustained any damage in consequence of his removal, except the counsel fee that he was compelled to pay to obtain his reinstatement. The plaintiff was paid his salary from the time of his renewal until his reinstatement, and was paid the costs of the proceeding to reinstate him. He was also paid the costs of the proceeding brought to enforce the order reinstating him, and the fine of $150 imposed upon the defendant for contempt in refusing to obey the order.

At the end of the plaintiff's case, and again at the end of the whole case, the defendant moved for a dismissal of the complaint upon the ground that the plaintiff having received all emoluments of the office

accrued during the period that he was suspended, and the taxable costs and disbursements, both in the certiorari proceeding and in the contempt proceeding, can recover no damages. That motion was denied, and the defendant excepted. The court submitted to the jury the question whether the defendant removed the plaintiff for partisan, political, personal, or other cause, except incompetency and conduct inconsistent with the position held by him, and charged the jury that if they should determine the question in favor of the plaintiff the plaintiff was entitled to a verdict, and then the only question was what it cost the plaintiff to secure his reinstatement. Counsel for the defendant excepted to the charge that allowed the plaintiff to recover for counsel fees and expenses incurred in securing his restoration, whereupon the jury rendered a verdict for the plaintiff for $800, and from the judgment entered thereon the defendant appeals.

The adjudication in the certiorari proceedings was conclusive upon the question as to the illegality of the plaintiff's removal, and all the testimony as to the motive of the defendant and his statement of the reason for removal was for that reason immaterial. The only question was as to the damages that the plaintiff was entitled to recover in consequence of the illegal removal. The statute is specific that the damages to be recovered are the damages "as for an act wrongfully done." The wrongful act was the removal of the plaintiff, and it was the damage that resulted from that wrongful act that he was entitled to recover. If he lost the salary or other compensation to which he was entitled, that would clearly be the damage that would flow from the wrongful removal; or if he lost his position, and was not reinstated, the value of the position taken from him would be an injury that flowed from the wrongful act of removal; but it was the damage caused by the wrongful act to which he was entitled, not what he paid his counsel for reinstatement. As a general rule, where the law awards costs to a successful party in an action or special proceeding, it is assumed that the costs thus awarded are the amount fixed as the indemnity that the successful party should receive for the prosecution or defense of the action or special proceeding. That indemnity the plaintiff has received, and no further liability is imposed by law upon the unsuccessful party. The exception to this rule where counsel fees are allowed does not apply to such a case. Where a bond or undertaking is given to obtain an injunction, attachment, or other like process, the counsel fee necessarily paid by the party in getting rid of the injunction or attachment is a part of the damages which under the bond or undertaking the successful party is entitled to recover; but that is because of the special nature of the contract by which the obligors became bound.

In Bishop v. Hendrick, 82 Hun, 323, 31 N. Y. Supp. 502, the court in discussing this question say:

"It is quite apparent that the defendant, in seeking to retain his property, the title to which has been adjudged in the plaintiff as administrator, has subjected him, or the estate which he represents, to a large amount of trouble and expense; but the law provides indemnity in the way of costs to be taxed in an action, and in a proper case to an additional allowance to be recovered by the successful party in a regular proceeding in the action; and while under the order of reference to which we have referred, and under

which the referee acted in this case, any damage which, within the ordinary and well-settled rules of damages, the plaintiff suffered by reason of the conversion of any of this property, and which, in an action of trover or replevin might be recovered, was legally allowable under this order in this action. But I know of no rule of law that would include extra counsel fees for legal services beyond taxable costs and extra allowances given by the Code of Civil Procedure in an action of this character."

The court then, referring to the class of cases where an injunction has been granted in which the obligors upon an undertaking given to obtain the injunction were liable for the counsel fees necessarily incurred in getting rid of that process, say:

"In all these cases and cases of a kindred character the damages were awarded upon the express agreement and undertaking on the part of the defendant to pay the same, and both parties acted under and had a right to rely upon the performance of that agreement by the obligors."

And cases are cited which sustain the conclusion that for the unsuccessful defense of an action the only damages that can be recovered by the successful party are the costs awarded in the judgment which finally determined the controversy, and this order was affirmed on the opinion below. 146 N. Y. 398, 42 N. E. 542. See, also, Clausen v. Nassau Ferry Co., 20 Misc. Rep. 315, 45 N. Y. Supp. 675, where the question is discussed. Actions for malicious prosecution, where the expense incurred by the plaintiff in defending himself is allowed, come within the same principle by which counsel fees are allowed as damages in the case of an injunction; for there the wrongful act is in instituting or instigating the prosecution, and the damages that directly flow from that wrongful act are the costs incurred in the defense of the proceeding instigated or prosecuted by the defendant, the distinction seeming to be that, where the act for which indemnity is awarded is the act of obtaining an injunction or instituting an action or proceeding, the counsel fees paid in getting rid of the injunction or in defending the action or proceeding is a part of the direct damage caused by the wrongful or illegal act; but, where the damages are awarded for a wrongful act like the removal from office or disposing of property, counsel fees incurred in remedying the wrong are not a part of the damage sustained for which the party doing the wrong is liable. Such damages do not flow from the act itself, as in the case of an action for malicious prosecution, but are the necessary expenses incurred in the proceeding to redress the wrong. The cause of action given to the plaintiff by the statute is to recover the damages sustained in consequence of the illegal removal, and not the expense incurred in obtaining a reinstatement. The plaintiff, having been given an action for damage sustained by the illegal removal, was entitled to maintain his action, and to recover at least nominal damages; but upon this evidence there was no basis for an award of substantial damage.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN and O'BRIEN, JJ., concur.

LAUGHLIN, J. (dissenting). I am of the opinion that this judgment should be affirmed. If the Legislature intended to limit the recovery in cases like this to the loss of salary, it would, I think, have merely given a right of action for the damages sustained, as that would have sufficed. The remedy offered by the statute, however, is broader. It not only gives a right of action for damages, but expressly provides that the damages are recoverable "as for a wrongful act." This language is significant, and must be given effect. The Legislature foresaw that legal proceedings for reinstatement or appointment would be necessitated by the failure of the appointing power to recognize the rights of the veteran, and it was undoubtedly intended to afford a remedy for reimbursement for the expenses thus incurred as well as for the loss of salary. The cause of action given by this statute is, in this regard, analogous to a cause of action for malicious prosecution, or false arrest or imprisonment, whereby the wrongful act expenses and counsel fees are necessarily incurred in legal proceedings to obtain one's liberty or protection in property rights. In such cases the wrongdoer is answerable, in a subsequent action, for damages, including counsel fees. So I think he should be in the case at bar. In order to insure the proper administration of the veteran preference law without evasion for political or other reasons, the Legislature conferred upon veterans, in case their constitutional or statutory rights are not respected, this right of action as for a wrongful act, and public policy requires that we should give the statute a liberal construction.