In the Matter of the Application of JOSEPH LIPSKY, Petitioner, for an Order of Peremptory Mandamus against WILLIAM GORHAM RICE and Others, as Members of the Civil Service Commission of the State of New York, and Others, Respondents.

Supreme Court, Ulster County, July 11, 1934.

*Morgan & Lockwood* [*Mark W. Maclay, Charles Dickerman Williams, Sidney J. Kaplan* and *Joseph Lipsky* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General,* of counsel], for the respondent The Civil Service Commission.

*Ernest E. Cole* [*Charles A. Brind, Jr.,* of counsel], for the Commissioner of Education and another.

*Francis Kelliher,* respondent, appearing in person.

SCHENCK, J. The petitioner, a disabled veteran of the World War, moves for a peremptory mandamus directing the State Civil Service Commission to grant to him a disabled veteran's preference in appointment to the position of Associate Attorney in the Department of Education, and directing the respondent Commissioner of Education to forthwith appoint him to such position, and directing payment to him of the salary of such Associate Attorney in the Department of Education from July 7, 1933.

A vacancy occurred in the position of Associate Attorney in the State Education Department on October 16, 1932. Two days later Mr. Francis Kelliher received a provisional appointment to fill such vacancy. In January, 1933, a competitive civil service examination for this position was held and the petitioner received a passing grade. On July 6, 1933, the Civil Service Commission certified to the Education Department three names of persons eligible to appointment to this position. Petitioner's name did not appear on this eligible list. Mr. Kelliher, who stood second on the list, was appointed by the Commissioner of Education, which appointment was thereafter approved by the Board of Regents. On October 7, 1933, Mr. Kelliher had completed his three months' probationary period. In the meantime, petitioner took an appeal to the Civil Service Commission from his exclusion from the eligible list, which appeal was granted on October sixth and the Civil Service Commission thereafter, on October tenth, certified to the Education Department that petitioner "must be appointed to this position by your Department if any one is' to serve in that capacity." Considerable correspondence was had between the petitioner and the Commissioner of Education and hearings were granted to petitioner by the Civil Service Commission and by the Department of Education and the Board of Regents. Thereafter, at a meeting of the Board of Regents, on December 21, 1933, petitioner was advised by the Chancellor that he should seek his remedy in the court.

Since the commencement of this proceeding, Mr. Kelliher has resigned as Associate Attorney and the court is informed that the petitioner on or about July sixteenth will receive this appointment. The question of appointment, therefore, has become academic. The only matter for consideration here is that of the salary that the petitioner would have received from July 7, 1933, at the rate of $250 per month.

Article V, section 6, of the Constitution and section 21 of the Civil Service Law provide for a preference for an honorably-discharged soldier disabled in the act or performance of duty in any war to an extent recognized by the Veterans' Bureau.

I cannot agree with the respondent Civil Service Commission that the petitioner is guilty of such laches as will deprive him of the relief here sought.

It would appear that the petitioner was very diligent. He appealed to the Civil Service Commission and to the Board of Education. It was October tenth before the Civil Service Commission certified petitioner's name for appointment and it was not until December 21, 1933, that the Board of Regents granted a hearing and finally refused to appoint petitioner.

Petitioner, as a disabled veteran with a disability recognized by the Veterans' Bureau, was entitled to a preference and was entitled to be certified by the Civil Service Commission to the Commissioner of Education, and was entitled to the appointment on July 7, 1933, provided any appointment was made. The question as to whether or not his disability was such as to impair petitioner's earning capacity has been settled by the recent decision in *Matter of Potts* v. *Kaplan* (264 N. Y. 110). Judge O'BRIEN, in the prevailing opinion of the court, writes (at p. 116): " The question before us requires interpretation of this expression in section 21 of the Civil Service Law, ' disabled in the actual performance of duty in any war, to an extent recognized by the United States Veterans' Bureau, * * * and whose disability exists at the time of his or her application for such appointment or promotion.' We think that, pursuant to this statutory provision which follows so closely the language of the Constitution, the Civil Service Commission and the appointing officer must accept at their face value certificates issued by the Veterans' Bureau or its successor, the Veterans' Administration. (Act of July 3, 1930, ch. 530; 46 Stat. 1016; U. S. Code, tit. 38, ch. 1-A, § 11.) For the purpose of determining the fact of disability in war, the State has designated that body as its agent. That the applicant whose name appears on such a certificate has been disabled in actual performance of duty in war and that the nature or character and degree of his disability were such as that body has recognized is evidence not subject to rebuttal. The certificate on these facts is conclusive."

Prior to the examination, and on January 11, 1933, the Civil Service Commission wrote petitioner as follows: " It will not be necessary for you to file additional veterans forms at this time. We will notify you at a later date if such action is required."

Counsel for respondent Civil Service Commission contends that the rule laid down in *Matter of Eccles* v. *Rice* (238 App. Div. 882; affd., 264 N. Y. 489) is controlling here. In that case, however, the petitioner did not establish his right to a preference. Further-

more, in the *Eccles* case there had been no certification of the petitioner. Here, both the Civil Service Commission and the Department of Education have recognized petitioner's right to a preference.

Petitioner is entitled to a peremptory mandamus order. He has been deprived of the salary of this position by reason of the wrongful acts of the respondents, or some of them. (*McGraw* v. *Gresser*, 226 N. Y. 57.)

The amount of petitioner's loss, based on an annual salary of $3,000, subject to such reduction as provided by law for State employees, should not be borne by these respondents individually, but should be borne by the State.

A peremptory order of mandamus may be entered directing the Comptroller of the State of New York to pay to the petitioner herein upon a payroll of the Department of Education, duly certified by the Civil Service Commission, such sum as this petitioner would have been entitled to, had he received the appointment as Associate Attorney, Department of Education, from July 7, 1933, until July 15, 1934, from any sums available or hereafter made available for such purpose. Ten dollars costs of motion.