**HILTON v. CRAM et al.**

(Supreme Court, Appellate Division, First Department. March 23, 1906.)

OFFICERS—REDUCTION OF COMPENSATION—ACTION FOR DAMAGES—MANDAMUS.

Under Laws 1896, p. 753, c. 821, § 1 (Civil Service Law, Laws 1899, p. 809, c. 370, § 21), making it a misdemeanor to reduce the compensation of an honorably discharged Union soldier holding a position by appointment or employment in the state to bring about his resignation, and giving him a right of action therefor for damages and also a remedy by mandamus, an action for damages cannot be maintained without first resorting to the remedy by mandamus.

Appeal from Special Term, New York County.

Action by John T. Hilton against J. Sergeant Cram and others. From a judgment dismissing the complaint, granted at the opening of the trial on motion of defendant, on the pleadings and on an admission that the action was not commenced within three years after it accrued, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Louis Sturcke, for appellant.
W. B. Crowell, for respondents.

LAUGHLIN, J. The appellant is an honorably discharged soldier of the Union army. He was employed in the dock department of the city of New York since 1890 as a transitman. On the 11th day of March, 1898, he was receiving a salary of $150 per month, which the defendants, constituting the board of docks, reduced to $100 per month. The plaintiff alleges that this reduction was made with a view to bringing about his resignation, and he brings this action for damages under section 1, c. 821, p. 753, Laws 1896, now section 21, Civil Service Law (Laws 1899, p. 809, c. 370), which, so far as material to this appeal, provides as follows:

"And no person holding a position by appointment or employment in the state of New York or of the several cities, counties, towns or villages thereof and receiving a salary or per diem pay from the state or from any of the several cities, counties, towns or villages thereof, who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the War of the Rebellion and who shall not have served in the Confederate army or navy, shall be removed from such position or employment except for incompetency or misconduct shown, after a hearing upon due notice, upon the charge made, and with the right to such employé or appointee to a review by writ of certiorari; a refusal to allow the preference provided for in this act to any honorably discharged Union soldier, sailor, or marine, or a reduction of his compensation intended to bring about a resignation, shall be deemed a misdemeanor, and such honorably discharged soldier, sailor, or marine shall have a right of action therefor in any court of competent jurisdiction for damages, and also a remedy by mandamus for righting the wrong."

The motion for dismissal was made upon two grounds: (1) That the action was barred by the three-year statute of limitations prescribed in subdivision 3 of section 383 of the Code of Civil Procedure; and (2) that the statute purporting to give the cause of action was unconstitutional. The court placed the dismissal upon the former ground; but if either ground was tenable the judgment must be affirmed.

The question as to whether the action is barred by the statute of limitations depends upon whether it is governed by subdivision 3 of section 383, or subdivision 2 of section 382, of the Code of Civil Procedure. The former prescribes a limitation of three years for "an action upon a statute for a penalty or forfeiture, where the action is given to the person aggrieved, or to that person and the people of the state, except where the statute imposing it prescribes a different limitation"; and the latter prescribes a limitation of six years for "an action to recover upon a liability created by statute, except a penalty or for forfeiture." Now it is very clear that this is a cause of action

"to recover on a liability created by statute." The question, therefore, on this branch of the case, narrows to the inquiry whether it is a cause of action for a "penalty or forfeiture," within the meaning of those terms as employed in these provisions of the Code. Neither the word "penalty" nor "forfeiture" is used in the statute; but that, while entitled to some importance, is not controlling. Ordinarily, the amount of a statutory penalty or forfeiture is fixed arbitrarily, and is prescribed as punishment, and has no relation to the damages sustained by the party who receives the benefit of the recovery; but this is not always the case, and therefore it is not controlling. Here the recovery authorized by the statute is the damages sustained by the aggrieved party for the wrong. The damages must necessarily be limited to compensation to the party whose rights have been violated. But that fact alone is not decisive of the question concerning the statute of limitations.

In the view we take of the case, however, we deem it unnecessary to decide the question as to which statute of limitations would be applicable; for we are of opinion that no cause of action for damages has accrued to the plaintiff. The plaintiff has not resorted to his remedy by mandamus to compel the defendants as such commissioners to rescind the resolution reducing his salary, or to pass another restoring it. He stands upon the broad proposition that he may acquiesce in the reduction of his salary, or resign and wait, not merely three years, but until the last day of the sixth year, and then bring an action against the public officials individually and recover from them individually the difference between the salary as reduced and as it stood before reduction, not only for the intervening time, but for an indefinite time in the future; and such, manifestly, are the possibilities of his right of recovery, if his contention that it is not necessary to first resort to mandamus prevails. It is evident that the Legislature intended to give two remedies in every case. It follows, therefore, that the Legislature did not intend to authorize a recovery of damages against public officials individually, except in those cases where there was a remedy by mandamus as well; for the two remedies are expressly given. If the plaintiff had resorted to mandamus for a rescission of the resolution reducing his salary, or for the adoption of a resolution restoring it, and were successful, it is quite likely that there would remain damages either in loss of salary during the intervening period or in costs or expenses of litigation beyond the recovery therein. Those damages would be certain and capable of ascertainment, and, with a recovery limited to such damages and the prior restoration of his salary, the employé would be fully indemnified for all loss. The view that the employé may acquiesce in the reduction and remain in the service, or may resign, and in either case, after waiting until just before the expiration of six years, being an action to mulct the officials personally in the damages consisting of the difference in salary, not only for the intervening time, but for such time in the future as the jury might believe he would be able otherwise to hold the position, would bring about confusion in the public service and result in the award of damages based upon pure speculation. Such a ruling would be against public policy, for it would prevent public

officials performing their duty to their constituents in reducing salaries where they ought to be reduced, lest at some time during the succeeding six years an action might be brought against them individually by the employés affected and an effort made to convince the jury, which might be successful, that the reduction in salary was made with a view to compelling the employé to resign.

For these reasons, therefore, I think the judgment was right, and should be affirmed.

Judgment affirmed, with costs. All concur.