### BEAN v. CLAUSEN.

(Supreme Court, Appellate Division, First Department. May 18, 1906.)

1. MUNICIPAL CORPORATIONS—OFFICERS—DISMISSAL—CIVIL SERVICE—STATUTES —AMENDMENTS.

    Laws 1898, p. 444, c. 184, is an amendment to other statutes conferring on various classes of veterans special privileges and rights and regulating the same, and does not purport to amend or modify; Laws 1896, p. 753, c. 821, § 1, now Civil Service Law, Laws 1899, p. 808, c. 370, § 20, providing that in every public department, and upon all public works of the state of New York, and of the cities, counties, towns, and villages thereof, etc., honorably discharged Union soldiers, sailors, and marines shall be preferred for appointment, employment, and promotion, and that no such honorably discharged soldier, sailor, or marine so holding a position by appointment or employment shall be removed therefrom except for incompetency or misconduct shown, etc., making the refusal to allow the preference provided for in the act to any honorably discharged Union soldier, sailor, or marine, or a reduction of his compensation intended to bring about a resignation, a misdemeanor, and giving a right of action therefor, and also a remedy by mandamus for righting the wrong.

2. SAME—REINSTATEMENT—REMEDY—CONDITIONS PRECEDENT.

    Under said Laws 1896, p. 753, c. 821, § 1, now Civil Service Law, Laws 1899, p. 809, c. 370, § 20, that plaintiff was not debarred from recovering damages for his wrongful removal from the position of superintendent of aquarium in the municipal service of the city of New York, on the ground that he had not first established his right to reinstatement by mandamus, certiorari, or quo warranto, where, on his discharge, he promptly resorted to his remedy by mandamus, but before obtaining a final determination thereon, jurisdiction over the aquarium lawfully passed out of the city and into the hands of another corporation.

Action by Tarleton H. Bean against George C. Clausen. Motion by plaintiff for a new trial on exceptions ordered heard on the dismissal of the complaint at the trial term. Exceptions sustained, and motion for a new trial granted.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, LAUGHLIN, and HOUGHTON, JJ.

Robert E. L. Lewis, for plaintiff.
Charles Blandy, for defendant.

LAUGHLIN, J.   This is an action by an honorably discharged sol-
dier of the Union army under section 1 of chapter 821, p. 753, of the
Laws 1896 (now section 20 of the civil service law, Laws 1899, p. 808,
c. 370), to recover damages for his wrongful removal for political pur-
poses on the 1st day of April, 1898, from the position of "Superinten-
dent of Aquarium," Battery Park, in the municipal service of the city
of New York, department of parks, by the abolition, in bad faith, of the
position by the defendant as park commissioner, and the transfer of the
duties thereof to another employé of the department.   The plaintiff was
appointed to the position on the 1st day of May, 1895, after passing a
competitive civil service examination with a rating of 99½ per centum.
After his removal he promptly instituted a mandamus proceeding for
his reinstatement.   The defendant demurred to the alternative writ,
and his demurrer was overruled both at Special Term and here.   He
then made a return controverting certain material facts and the issues
were brought to trial at Special Term and the writ was dismissed.   This
court reversed on a point of practice.   People ex rel. Bean v. Clausen,
74 App. Div. 217, 77 N. Y. Supp. 521.   Before the issues were again
reached for trial the city entered into an agreement with the New York
Zoological Society for taking over and caring for the aquarium, thereby
taking it out of the jurisdiction of the park department.   The defend-
ant contends that the statute gives the plaintiff no cause of action
against the defendant, and if it does, he must first become reinstated by
some appropriate legal proceeding.   The provisions of the statute are
as follows:

"Section 1. In every public department and upon all public works of the
state of New York, and of the cities, counties, towns and villages thereof,
and also in non competitive examinations under the civil service rules, laws
or regulations of the same, wherever they apply, honorably discharged
Union soldiers, sailors and marines shall be preferred for appointment,
employment and promotion; age, loss of limb or other physical impairment
which does not, in fact, incapacitate shall not be deemed to disqualify them,
provided they possess the business capacity necessary to discharge the
duties of the position involved.   And no person holding a position by appoint-
ment or employment in the state of New York or of the several cities, counties,
towns or villages thereof and receiving a salary or per diem pay from the state
or from any of the several cities, counties, towns or villages thereof, who
is an honorably discharged soldier, sailor or marine, having served as such
in the Union army or navy during the War of the Rebellion and who shall
not have served in the Confederate army or navy, shall be removed from
such position or employment except for incompetency or misconduct shown,
after a hearing upon due notice, upon the charge made, and with the right
to such employé or appointee to a review by writ of certiorari; a refusal
to allow the preference provided for in this act to any honorably discharged
Union soldier, sailor or marine, or a reduction of his compensation intended
to bring about a resignation, shall be deemed a misdemeanor, and such honor-
ably discharged soldier, sailor or marine shall have a right of action therefor
in any court of competent jurisdiction for damages, and also a remedy by
mandamus for righting the wrong.   The burden of proving incompetency or
misconduct shall be upon the party alleging the same.   But the provisions of

this act shall not be construed to apply to the position of private secretary or deputy of an official or department or to any other person holding a strictly confidential position."

It is not denied that the position held by the plaintiff fell within those enumerated in the last sentence of the act. The first contention is that his rights are governed by the provisions of chapter 184, p. 444, of the Laws of 1898, and that he was not and could not be discharged by the abolition of his position, but was transferred to some other branch of the service at the same compensation. The difficulty with that argument is that it was alleged in the complaint and stated in the opening of counsel for the plaintiff, all of which was admitted by the motion to dismiss, that he was discharged without cause and for political reasons. Moreover, said chapter 184, p. 444, of the Laws of 1898, is an amendment to other statutes, conferring upon various classes of veterans special privileges and rights and regulating the same, and it does not purport to amend or modify the statute upon which the action is based. The contention that the plaintiff should have first established his right to reinstatement by mandamus, certiorari or quo warranto, would require serious consideration were it not for the conceded facts that he did promptly resort to his remedy by mandamus and that before he was able to obtain a final determination thereon, circumstances transpired which would render that proceeding ineffectual for any purpose. It is manifest that he could not be reinstated after the jurisdiction over the aquarium lawfully passed out of the city and into the hands of another corporation.

These facts clearly distinguish the case at bar from Hilton v. Cram, et al. (recently decided by this court) 97 N. Y. Supp. 1123. Without reinstatement or an adjudication in a appropriate legal proceeding in their favor establishing their rights thereto, public officials cannot recover the salary of the office or position. Hagan v. City of Brooklyn (City Ct.) 5 N. Y. Supp. 425, affirmed in 126 N. Y. 643, 27 N. E. 265; Van Valkenburgh v. Mayor, 49 App. Div. 208, 63 N. Y. Supp. 6; Jones v. City of Buffalo, 178 N. Y. 45, 70 N. E. 99. In Hilton v. Cram, et al. (recently decided by this Court) 97 N. Y. Supp. 1123, where it was sought to recover damages under this statute for a reduction in salary calculated to bring about a resignation, we by analogy and upon grounds of public policy applied the rule of the cases last cited and held that before damages, which would ordinarily and mainly be loss of salary, could be recovered, the plaintiff must resort to his legal remedy to obtain an adjudication in his favor upon the lawfulness of the act or action of which he complains. Whether the rule of Hilton v. Cram should be applied to all classes of cases arising under the statute need not now be decided; for it is clear that under the statute, damages may be recovered in case of a removal from office or the abolition of the office for political purposes, at least, where the right to reinstatement or restoration of the position cannot be first adjudicated in a legal proceeding. The controlling feature of the Hilton Case was the good of the public service, and the difficulty of ascertaining the damages caused by a reduction in salary, calculated to bring about a resignation, unless the legal proceeding for the restoration of the salary which would limit and fix the damages, were first prosecuted. Here that has become impossible and the same

facts which render it impossible, place a limitation upon the damages recoverable.

It follows, therefore, that the exceptions should be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide the event. All concur.

McLAUGHLIN, J. (concurring). This case, I do not think, in principle can be distinguished from Hilton v. Cram et al. (recently decided by this court) 97 N. Y. Supp. 1123. A further examination, however, of the question involved has led me to the conclusion that that case was incorrectly decided, and for that reason we should not follow it, and, as it sems to me, our decision should be placed upon that ground and not upon the ground that the facts here distinguished this case from that. The question presented here, and the principle to be applied is precisely the same as in the Cram Case.

I therefore concur in the result of the opinion of Mr. Justice LAUGHLIN.