In the Matter of the Application of WALTER A. DEMARSE and MABEL M. DEMARSE, Appellants, v. HENRY E. BRUCKMAN, and Others, Constituting the State Liquor Authority of the State of New York, and CLARENCE R. PRATT and Another, Constituting the Wayne County Alcoholic Beverage Control Board, Respondents.— Determination confirmed and proceeding dismissed upon the merits, with ten dollars costs and disbursements. Memorandum: Petitioners appeal from an order, made at the Special Term of the Supreme Court, Wayne county, on December 15, 1937, denying their application for an order, pursuant to article 78 of the Civil Practice Act (added by Laws of 1937, chap. 526), annulling the determination of the State Liquor Authority whereby petitioners' beer license was revoked. The record discloses that the determination of the State Liquor Authority was made as the result of a hearing held and at which evidence was taken, pursuant to statutory direction. (Alcoholic Beverage Control Law [Laws of 1934, chap. 478], § 17.) The petition, answer and accompanying affidavits presented issues within the classifications specified in subdivisions 6 and 7 of section 1296 of the Civil Practice Act. This section further provides that, where such issues are raised, " the court shall make an order directing that the proceedings be transferred for disposition to a term of the Appellate Division held within the judicial department embracing the county in which the proceeding is instituted " and that " if the court erroneously decides that the issues in the cause are not such as to call for transfer of the cause to the Appellate Division, or if the converse occurs, the Appellate Division shall treat the cause, when the latter comes before it by appeal or transfer, as if the proper proceedings had been taken, and shall

either dispose of the issues itself, or if the papers before it are not sufficient therefor, shall remit the proceedings to the proper term or court to be disposed of." Although the Special Term should have made an order transferring the proceeding to this court, we have reviewed the proceedings and the evidence upon which the State Liquor Authority acted in canceling and revoking petitioners' license and are of the opinion that its determination is amply supported by the proofs and should, therefore, be confirmed and the proceeding dismissed upon the merits with ten dollars costs and disbursements. All concur. (The order appealed from denies petitioners' application to annul the determination of the State Liquor Authority in revoking the petitioners' liquor license.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.