In the Matter of the Application of Rocco J. PAPE, Respondent, for an Order Pursuant to Article 78 of the Civil Practice Act, against PAUL J. KERN, President, and Others, Commissioners, Constituting the Municipal Civil Service Commission of the City of New York, and JOHN J. McELLIGOTT, as Commissioner of the Fire Department of the City of New York, Appellants.*

First Department, March 13, 1942.

* Modfg. and affg. 176 Misc. 36.

*Charles F. Murphy* of counsel [*Paxton Blair* and *George G. Gallantz* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellants.

*Andrew V. Galway,* for the respondent.

COHN, J.   This is one of four companion cases brought before this court for substantially the same relief.   The others are *Matter of Marinick* v. *Valentine* (263 App. Div. 564), *Matter of Humenn* v. *Valentine* (Id. 977) and *Matter of Odsen* v. *Valentine* (Id. 978). In each of these matters relief is sought by the petitioner because of his dismissal from his position as patrolman in the police department of the city of New York, with the exception of the case at bar where the petitioner's dismissal was from his position as a fireman in the fire department of the city of New York.   The dismissal in each instance followed the revocation by the municipal civil service commission of its certification which preceded the appointment of each petitioner to his respective position.   The basis for the withdrawal of the certifications is that each petitioner attempted to perpetrate a fraud in connection with the competitive civil service examinations which each was obliged to pass.   The material facts here are similar to those outlined in our opinion in *Matter of Marinick* v. *Valentine* (*supra*), decided herewith. ·

The case at bar, however, differs from the *Marinick* case in that petitioner here denies that he attempted any fraud, whereas in the *Marinick* case the attempted fraud was admitted.   It is also to be noted that though this petitioner passed the patrolman's examination in question, he was nevertheless appointed a fireman from that list, such list having been declared appropriate for certification and appointment to the position of fireman, fire department, by the municipal civil service commission in November, 1937.

We have held in the *Marinick* case that the municipal civil service commission has the power summarily to revoke a certification obtained by fraud or where there is an attempted fraud, and that this power may be exercised even after an appointment has become permanent.   This ruling is applicable to the case at bar.

In the present case, however, though there is cogent documentary evidence which would justify a finding that petitioner attempted fraud in his examination, his denial coupled with his explanations present issues of fact as to whether petitioner did in fact attempt a fraud.   Is his explanation that he frequently crossed his " t's " in the manner used at this examination based upon fact?   Is his statement that the monitor in charge of the examination had directed him to place a circle on the back of his examination papers

indicating the number of sheets, true or false? Should his explanations be true, then he is not guilty of an attempt to defraud and there is no just basis for his removal from his position.

Such issues of fact are to be tried pursuant to the provisions of sections 1295 and 1296 of the Civil Practice Act. If upon a trial it should be established that petitioner is innocent of any attempted fraud in his examination, then the determination of the municipal civil service commission would be capricious and arbitrary. If, on the other hand, it be shown that petitioner willfully used identifying marks in the hope that he might thereby gain some advantage over other candidates, then his conduct was tantamount to an attempted fraud. In such event, the determination of the commission would be right and should be confirmed.

In this view, the orders should be modified by granting an alternative order so that the issues of fact involved may be tried. Upon the conclusion of the trial the appropriate order may be entered.

The orders should be modified by granting an alternative order as indicated, and, as so modified, affirmed, without costs.

O'MALLEY and CALLAHAN, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent and vote to affirm.

Orders modified by granting an alternative order as indicated in opinion, and, as so modified, affirmed, without costs. Settle order on notice.