In the Matter of STEPHEN MANKO, Petitioner, against ·CITY OF BUFFALO et al., Respondents.

Supreme Court, Erie County, July 23, 1943.

*Thomas J. McKenna* for petitioner.

*Gerald J. Shields* for City of Buffalo and others, respondents.

*John J. McGovern* for William R. Wilson, respondent.

HARRY L. TAYLOR, Official Referee. The order appealed from herein having been reversed on March 10, 1943, and the matter remitted to Special Term [266 App. Div. 708] and I having been appointed to hear and determine the proceeding, do hereby report as follows:

In view of the action heretofore taken in this proceeding by the Appellate Division I feel bound to determine that the situation presented to me is not such as to call for my transference of the cause to the Appellate Division for disposition in the first instance under section 1296 of the Civil Practice Act. (On this subject generally, see *Matter of Demarse* v. *Bruckman,* 254 App. Div. 818.) I have held a hearing at which I have been attended by counsel for the interested parties and have taken the testimony proffered which includes the testimony presented at the original hearing.

Section 6 of article V of the State Constitution and section 21 of the Civil Service Law provide that any honorably discharged soldier (which petitioner is) disabled in the actual performance of duty in any war, to an extent recognized by the United States Veterans' Bureau, and whose disability exists at

the time of his or her application for such appointment or promotion, shall be entitled to preference in appointment and promotion, without regard to his or her standing on any list from which such appointment or promotion may be made. The record before me shows that this petitioner, who, as a veteran of World War No. 1, had theretofore received compensation which had been discontinued, filed an application on January 3, 1942, with the Buffalo Municipal Civil Service Commission for the position of Supervisor of Automobiles in the Department of Police of the City of Buffalo, claiming preference as a disabled veteran. On January 5, 1942, the Civil Service Commission was notified by the United States Veterans' Bureau that the petitioner was rated no per cent disabled and was receiving no compensation, and petitioner's claim was denied. On March 31, 1942, an eligible list was duly established and petitioner having passed the examination therefor was put down upon the list as No. 18. On April 1, 1942, petitioner again made a claim for preference and on April 2nd he was again advised by the Civil Service Commission that his claim could not be recognized. On April 10, 1942, petitioner informed the Civil Service Commission that his case had been reopened and he was awaiting a reply from the Veterans' Bureau. On April 14th, petitioner was notified to appear before the Commission for a discussion of his claim and on that same day the Commission certified to the Commissioner of Police the first three names on the eligible list, the first name being that of respondent, William R. Wilson. On April 16, 1942, petitioner gave oral notice to the Commission that his claim as a disabled veteran had been recognized by the Veterans' Bureau on April 15th and that he had been allowed compensation of ten dollars per month as of April 1, 1942. The Civil Service Commissioner did not then request petitioner to sign an authorization to the Veterans' Administration releasing information about payment of compensation. On April 21, 1942, petitioner presented to the Civil Service Commission a letter from the Veterans' Administration to the effect that they had examined him and found him disabled (specifying details) to a degree of permanent partial ten per cent from April 1, 1942, and stating that an award had been approved in favor of petitioner for payment of compensation at ten dollars per month effective April 1, 1942.

On this date (April 21st) the Civil Service Commission requested petitioner to sign an authorization to the Veterans' Administration for release of information, which was promptly done, and on April 28th a letter of confirmation was received

from the Veterans' Administration. Pursuant to a letter sent to the petitioner by the Civil Service Commission on April 30th petitioner was examined by the physician of the Commission who found that he had adequate disability but his physical condition was such as not to incapacitate him for the performance of the duties of the position he was seeking. And on May 6, 1942, the Civil Service Commission sent the petitioner a letter granting him his claimed preference. However, on April 24, 1942, the Commissioner of Police had appointed the present incumbent Wilson to the position sought by petitioner.

Here is a veteran who had theretofore been receiving compensation because of a disability recognized by the Veterans' Administration. His compensation had been temporarily discontinued but on April 9, 1942, his case had been reopened and proceedings were carried on with reasonable dispatch by petitioner to establish his status as one entitled to preference as a veteran. The real question before us here, as I look at it, is whether, in view of the history I have outlined, petitioner was entitled to preference because he suffered from a disability existing " at the time of his application for the appointment ".

Following the previous transactions mentioned, the Civil Service Commission on April 21, 1942 — two days before the appointment of the present incumbent — was advised, through a letter received by petitioner from the Veterans' Administration at Batavia, that petitioner's situation in all essential respects was such that he was entitled to compensation at ten dollars per month *as of April 1, 1942*. The Commission was thus put upon notice — at least as early as April 21, 1942, if not on April 10, 1942 — of petitioner's right to preferential appointment and had time to give notice to the Police Commissioner before the appointment was made. And thereafter (May 4, 1942) the Commission had petitioner examined by its physician, who recommended the allowance of petitioner's claim for preference, and on May 6th the Commission formally allowed petitioner's claim, nineteen days before the appointment of Mr. Wilson was to become operative. The fact that a civil service list had been certified on April 14th, upon which petitioner's name did not appear among the first three, does not conclude petitioner, for, under the Constitution and section 21 of the Civil Service Law, preference is granted to a veteran otherwise qualifying " without regard to their [his] standing on any list ". Then, too, the Commission's rule No. 17 states that if a person has been certified in error, such a certificate shall be immediately revoked before appointment by notice to

the appointing officer. As to this see, also, *Matter of Pape* v. *Kern* (176 Misc. 36, mod. but not as to this point, 263 App. Div. 557).

When the Constitution and the statute say that the disability must exist " at the time of his or her application for such appointment ", I do not take it to comprehend merely the date upon which an applicant's request is first made known. It is my view that under the circumstances here presented this petitioner was an applicant from January 3, 1942, right down to May 6, 1942, of which the Civil Service Commission was kept constantly and adequately advised. In fact, petitioner has never ceased to be an applicant since January 3, 1942. The certificate of the Veterans' Administration of April 20, 1942, specifies that petitioner's condition as of April 1, 1942, and thereafter was such that the Administration made an award to petitioner of ten dollars per month as of that date, and no appointment was made until April 23, 1942.

As I read the opinion in *Matter of Potts* v. *Kaplan* (264 N. Y. 110, 116, 117) this certificate of the Veterans' Administration, insofar as it holds that petitioner was disabled in actual performance of duty in war and that the nature or character and degree of the disability had been recognized by the Administration, was and is conclusive on the Municipal Civil Service Commission. It is only the question whether or not the disability existed " at the time of the application " which is subject to proof. I realize that as stated in *Matter of Marburg* v. *Cole* (286 N. Y. 202, 208) an administrative board like our Civil Service Commission is invested with a wide discretion and that, in the absence of clear and convincing proof that its discretion has been exercised unfairly or capriciously, the courts will not interfere. I realize too that there is a hazy field between the lands of certainty on the one side and the other, which is made manifest in the prevailing and dissenting opinions in the last-mentioned case and in the many cases touching on this subject. With the general rule in mind, each case must be determined on its particular facts.

For example, the opinions in *Matter of Strauss* v. *Hannig* (256 App. Div. 662, affd. 281 N. Y. 612) and kindred cases do not furnish authority for these respondents. In the instant proceeding it is not a mere matter of difference of opinion between physicians as to the character and extent of a petitioner's claimed physical disability. The question here is whether this petitioner's disability existed at the time of the application. There is not a failure of proof by petitioner on

this point — a deficiency which was the basis of the determinations, e.g., in *Matter of Sheridan* v. *McElligott* (278 N. Y. 59) and *Matter of Phillips* v. *McElligott* (279 N. Y. 792). "The field is limited within which the discretion of an administrative officer or board may be exercised unhampered by judicial review. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92, 100.) We think that limit is surpassed by the present record. In the absence of a clear expression by the Legislature to the contrary, the courts may review the exercise of a discretionary power vested in an administrative officer or body to determine whether the case discloses circumstances which ' leave no possible scope for the reasonable exercise of discretion in such manner.' " (*Matter of Schwab* v. *McElligott*, 282 N. Y. 182, 186.)

I cannot by further discussion make clearer my reasons for concluding that petitioner's application was a continuing one up to and after May 6, 1942, and that this is a fact not open to question. The circumstances presented "leave no possible scope for the reasonable exercise of discretion".

Under this record, the action of the Civil Service Commission in permitting the Police Commissioner to appoint Mr. Wilson on April 24, 1942, and in adhering to that action, was so inequitable and unreasonable as to be " illegal and arbitrary " and I am ready to so find.

Even if petitioner were in a position pursuant to my decision to receive an award for back salary, he has not furnished proof under which I could make such an award. (*Matter of McNamara* v. *Holling*, 257 App. Div. 411.)

Except as to payments of back salary, petitioner should have the relief demanded in his petition with full statutory costs and disbursements under section 1301 of the Civil Practice Act.

Present final order.