Stephen Manko, Plaintiff, *v.* City of Buffalo et al.,
Defendants.

Supreme Court, Erie County, February 11, 1946.

*James B. McKenna* and *Thomas J. McKenna* for plaintiff.

*Andrew J. Ronan, Corporation Counsel* (*Bart J. Shanahan* of counsel), for City of Buffalo, defendant.

CHARLES B. SEARS, Official Referee. This action was referred to me by an order of the Supreme Court, made and entered on the 26th day of November, 1945. On the 20th day of December, 1945, I was attended by the counsel of the respective parties and heard the evidence of the plaintiff, no evidence being presented by the defendants. The taking of evidence was finished on that day. The case was finally submitted to me by the filing of the plaintiff's reply brief on or about the 15th day of January, 1946. Section 21 of the Civil Service Law contains the enactment on which the action rests. The pertinent language of the statute is as follows: " A refusal to allow the preference provided for in this and the next succeeding section of any honorably discharged soldier, sailor, marine or nurse of the army, navy or marine corps or a reduction of his compensation intended to bring about his resignation shall be deemed a misdemeanor, and such honorably discharged soldier, sailor, marine or nurse of the army, navy or marine corps shall have a right of action therefor in any court of competent jurisdiction for damages, and also a remedy by mandamus for righting the wrong."

The facts relating to a previous proceeding are pertinent here. The present plaintiff, claiming to be a disabled veteran and entitled to preference on the civil service list by reason of the language of section 21 of the Civil Service Law, brought a proceeding under article 78 of the Civil Practice Act to secure a position in the civil service of the City of Buffalo to which he claimed to be entitled. The matter came before Mr. Justice SWIFT at Special Term and he held that under the peculiar circumstances (which are recited in his memorandum) the present plaintiff was not entitled to relief.

Before the hearing of this special proceeding by Mr. Justice SWIFT, the present plaintiff had entered into an agreement with counsel to pay him $3,000 for his services in presenting

his claim to the court in the first instance and for necessary work preliminary thereto. At a later date the present plaintiff made a further agreement with counsel to pay him $2,500 for the argument of an appeal from the determination made by Mr. Justice Swift and $2,500 for any new hearing and $1,000 for the argument of a motion for reargument or injunction. All these payments, however, were to be contingent upon the present plaintiff's success (except the first $3,000 which was to be paid in any event). Counsel also stated to plaintiff that he would endeavor to obtain compensation for himself from the public officials if it should be found that they had wrongfully prevented the appointment of Manko, or had wrongfully failed to make his appointment to the office which he sought. On appeal to the Appellate Division from the order entered on Mr. Justice Swift's decision, the court reversed the order, without costs, and remitted the matter to take further evidence as to whether the denial of a preference on the civil service list to the present plaintiff was arbitrary and capricious. (266 App. Div. 708.) The proceeding was then referred by the court at Special Term to the Honorable Harry L. Taylor, Official Referee, and his determination on this hearing was favorable to the plaintiff and carried costs. (181 Misc. 143.) This determination was affirmed by the Appellate Division, without costs. (266 App. Div. 1061.) The defendants then moved in the Appellate Division for reargument or leave to appeal to the Court of Appeals, and leave to appeal was denied. (267 App. Div. 854, granted 292 N. Y. 725.) On the appeal to the Court of Appeals the order entered on Judge Taylor's decision was affirmed, with costs. (293 N. Y. 669.) In the report of the case in the Court of Appeals the preliminary facts are again set forth. These preliminary facts therefore need not be repeated here.

The answer in the present action has been amended without objection to show that the statutory costs of the proceeding under article 78 amounted to $354.02, and have been paid.

The present plaintiff following the decision of the Court of Appeals was appointed to the office which he sought on the 25th day of June, 1944. The salary of the office is $3,600 a year.

In August, 1944, the plaintiff brought this action to recover damages for the wrongful refusal to allow the preference on the civil service list to the plaintiff as a disabled veteran. This refusal is by the above-quoted statute to be deemed a misdemeanor and to warrant an action to recover damages as well as the proceeding already taken to right the wrong.

In drafting the complaint in this action a separation was made of two classes of damages. First, there was alleged a cause of action based on the refusal of appointment for the loss of salary. Secondly, and separately, a cause of action was alleged for the same wrong to recover the plaintiff's expenses in the previous proceeding under article 78 as well as in this action. A motion was then made by the defendants to dismiss the second alleged cause of action. After argument at the Special Term before Mr. Justice HINKLEY, the motion was denied, with costs. On appeal to the Appellate Division, the order was reversed on the law, without costs of the appeal, and motion granted, without costs. (268 App. Div. 955.) A judgment dismissing the second alleged cause of action was entered. On appeal to the Court of Appeals, the judgment of the Appellate Division was reversed, with costs, on the ground that but one cause of action was alleged in the complaint and without consideration of what damages are recoverable under the statute. (294 N. Y. 109.) The action was then referred to me by the Special Term to hear and determine, a jury trial being waived. On the hearing before me it was stipulated that the damages for loss of salary were $5,000. The only questions remaining to be determined are whether the plaintiff's expenses in the nature of counsel fees in the previous proceeding and in this action are damages within the meaning of the word as it occurs in section 21 of the Civil Service Law, and, if so, what amount should be allowed for such item of damages.

It may be argued that upon this reference the determination must follow the previous decision of the Appellate Division inasmuch as the reversal in the Court of Appeals was on a point of practice. I reach the conclusion, however, that as the Appellate Division wrote no opinion, and the reason for the view of the Court's majority is not specifically set out, and as the Court of Appeals decision specially reserved this question of damages and swept aside the Appellate Division's decision, I am justified in considering it anew.

The defendants lean heavily on the decision in *Fallon* v. *Wright* (82 App. Div. 193) where, by a divided court, it was held that counsel fees in a certiorari proceeding to secure the reinstatement of an official wrongfully removed from office were not damages to be collected under provisions of the Civil Service Law containing language almost identical with that contained in the section upon which this action is predicated. The court in the *Fallon* case (*supra,* p. 197), in the majority opinion, said: " Such damages [legal expenses] do not flow from the act

itself [wrongful removal], as in the case of an action for malicious prosecution, but are the necessary expenses incurred in the proceeding to redress the wrong. The cause of action given to the plaintiff by the statute is to recover the damages sustained in consequence of the illegal removal, and not the expense incurred in obtaining a reinstatement." The court laid no stress, however (and in fact it had not then been determined by the Court of Appeals) on the fact that the proceeding for reinstatement or appointment, as the case might be, was a condition precedent to the maintenance of an action for damages. This was determined by the Court of Appeals in *Hilton* v. *Cram* (190 N. Y. 535, affg. 112 App. Div. 35). Although the affirmance in that case was not on the opinion in the Appellate Division, it is to be noted that in the opinion in the Appellate Division, which was an unanimous opinion of that court, the following language occurs (p. 38): " If the plaintiff had resorted to mandamus for a rescission of the resolution reducing his salary, or for the adoption of a resolution restoring it, and were successful, it is quite likely that there would remain damages either in the loss of salary during the intervening period, or in costs or expenses of litigation beyond the recovery therein. Those damages would be certain and capable of ascertainment, and with a recovery limited to such damages and the prior restoration of salary the employee would be fully indemnified for all loss."

Inasmuch as a proceeding to secure appointment in this case was a prerequisite to the bringing of an action for damages (for there were no such exceptional circumstances as were involved in *Bean* v. *Clauson,* 113 App. Div. 129) it seems that the expenses of the prerequisite proceeding naturally grew out of the wrong committed in the same way as the trial in a malicious prosecution case and a termination of that proceeding also grow out of the wrong committed.

I reach the conclusion therefore that plaintiff can recover the fair value of the services which secured him the appointment to his position. As to the expenses incurred in maintaining the present action, I conclude that there can be no recovery. It differs in no way from the usual action to recover damages for a wrong.

There remains the question as to the reasonable value of the services which were rendered plaintiff in the proceeding under article 78. I have taken into consideration the usual basic elements considered in the determination of the value of legal services, also the contract which plaintiff made with counsel

for the presentation of his claim and the contract for contingent counsel fees thereafter, the statement in the evidence that counsel would seek to obtain recovery for counsel fees from the municipality and its officers, and I have reached the conclusion that for successfully conducting this long, involved and important litigation, the fair value of the plaintiff expenses for counsel fees is $5,000.

I therefore direct judgment for the plaintiff and against the defendants in the sum of $10,000, with costs.